Pratt, J.
There were two questions of fact submitted to the jury below:
First. Whether the plaintiff fell within the limits of the street; and, •
Second. Whether the defendants were negligent.
The charge was unexceptionable and the evidence was ample to sustain the verdict.
It follows, therefore, if no error was committed in the admission or rejection of evidence in the progress of the trial, the judgment must be affirmed.
The plaintiff was not prejudiced by excluding the evidence offered to show constructive notice to the defendant of the icy condition of the street prior to the accident, as actual notice was conceded to have been received. The question to be determined was whether the defendant had done its duty .in making the place safe for foot passengers, and this issue was sharply presented to the jury in the charge.
It was also immaterial what the city had done in respect to flagging the place where the accident occurred, several years after the accident.
The request made to the judge to charge “that if the whole ground was open from the stoop to the curb and used as a common walk by the village, it is for the jury to say whether the village has not by long acquiesence accepted this ground from the steps to the curb as a common walk.” We think this was properly refused for the reason that the proof was clear and undisputed that the land belonged to Dougherty, and the village had never exercised any acts of ownership over it or held it out to the public as a part of the public thoroughfare. Dougherty had simply *423 failed to place a fence between his land and the sidewalk. Municipalities are not held hable for injuries occurring upon lands of adjacent owners because of the icy condition of such lands, in the absence of proof that the municipality had exercised authority or supervision over it. Houfe v. The Town of Fulton, 34 Wis., 608.
We have examined the other exceptions in the case and find no error sufficient to warrant a reversal of the judgment.
Judgment affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.